IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-03395-PAB-MJW

SAFDAR LILAK,

Plaintiff,

v.

GLAXOSMITHKLINE, LLC,

Defendant.

---

### RECOMMENDATION ON
### DEFENDANT GLAXOSMITHKLINE, LLC'S MOTION TO DISMISS (Docket No. 15)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States

Magistrate Judge issued by Judge Philip A. Brimmer on January 4, 2012.  (Docket No.

4).

### PLAINTIFF'S ALLEGATIONS

Plaintiff Safdar Lilak alleges the following in his Complaint (Docket No. 1).

Plaintiff alleges he was involved in an automobile accident sometime prior to September

2003.  At some point following, plaintiff was prescribed Paxil and Paxil CR for, among

other things, depression, anxiety, anger, hopelessness, heartburn, and chest pains.

Plaintiff alleges he took Paxil and Paxil CR "on a regular basis" and as needed until

June 2009.  Plaintiff alleges that Paxil and Paxil CR have caused him "loss of Bone

mass density, deteriorating disc in lower back, pain in bones and feet bones, and other

Olfactory sense."

Plaintiff's first claim is for negligence against defendant.  Plaintiff's second claim

is for negligence per se against defendant.

**PENDING MOTION**

Defendant's Motion to Dismiss (Docket No. 15) was filed on February 17, 2012.

Plaintiff filed a response to defendant's motion on February 28, 2012 (Docket No. 20).

A reply was filed by defendant on March 16, 2012 (Docket No. 26).  Plaintiff filed an

additional response on March 19, 2012 (Docket No. 27), which was later stricken by the

court (Docket No. 33).

The court has carefully considered the Complaint (Docket No. 1), the motion to

dismiss (Docket No. 15), plaintiff's response (Docket No. 20), and defendant's reply

(Docket No. 26).  In addition, the court has taken judicial notice of the court's file, and

has considered the applicable Federal Rules of Civil Procedure and case law.  The

court now being fully informed makes the following findings of fact, conclusions of law,

and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations

omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)

(quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope

of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d

1188, 1191 (10th Cir. 2012).  The court has further "noted that '[t]he nature and

specificity of the allegations required to state a plausible claim will vary based on

context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle

ground between heightened fact pleading, which is expressly rejected, and allowing

complaints that are no more than labels and conclusions or a formulaic recitation of the

elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ."  Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable."  Id.

Plaintiff is proceeding *pro se.*  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys . Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  See  Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers). However, a *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf).  In addition, a "plaintiff's *pro se* status does not entitle him to application of different rules." Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**FAILURE TO STATE A CLAIM**

Negligence is the failure to do an act a reasonably careful person would do, or committing an act which a reasonably careful person would not do, under the same or similar circumstances, to protect oneself or others from bodily injury.  Lawson v. Safeway, Inc., 878 P.2d 127, 130 (Colo. App. 1994).  In Colorado, to state a claim of negligence, a plaintiff must allege: (1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach caused the injury.  See Casebolt v. Cowan, 829 P.2d 352, 356 (Colo. 1992).

Negligence per se provides that legislative enactments, such as statutes and ordinances, can prescribe the standard of conduct of a reasonable person, or duty, such that a violation of the statute or ordinance constitutes a breach of the duty of care. Lombard v. Colo. Outdoor Educ. Center, Inc., 187 P.3d 565, 573 (Colo. 2008).  To state a claim of negligence per se, a plaintiff must allege: (1) the plaintiff violated a statutory standard of care; (2) the statutory standard of care was intended to protect against the injuries sustained; and (3) the violation was the proximate cause of the injuries sustained.  See id.

Plaintiff's Complaint, even in view of his status as a *pro se* litigant, clearly fails to state a claim for negligence or negligence per se.

As to plaintiff's claim for negligence, plaintiff makes no allegation that defendant owed him a duty, let alone provide any factual averments supporting such an allegation. Further, there are no facts to explain how defendant's products were defective or how those products caused plaintiff's claimed injuries.  Plaintiff simply makes conclusory statements that he took the products and those products caused or exacerbated his injuries.  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a case of action will not do,' . . . [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). The court need not accept conclusory allegations without supporting factual averments. Southern Disposal, Inc. V. Texas Waste, 161 F.3d 1259, 1262 (10th Cir. 1998). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (citation omitted). For these reasons, the court finds that plaintiff has failed to state a claim for negligence.

Similarly, plaintiff has failed to state a claim for negligence per se. Plaintiff does not specifically identify the statutory standard of care allegedly violated by defendant. Several statutes[1] are cited earlier in plaintiff's Complaint, however a standard of care is not specifically identified from any of the statutes. A court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

Further, plaintiff does not allege the (unidentified) standard of care was intended to protect against his alleged injuries. Plaintiff makes no factual averments as to how the statutory violations caused his injuries. Much like plaintiff's negligence claim, plaintiff's negligence per se claim consists of conclusory statements that defendant violated statutes and those violations caused his injuries. This is plainly insufficient to state a claim for negligence per se.

---

[1]Namely, Consumer Product Safety Act, 15 U.S.C. §§ 2051-2084; Federal Hazardous Substances Act, 15 U.S.C. §§ 1261-1278.

7

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendant's Motion to Dismiss (Docket No. 15) be

**GRANTED** and plaintiff's Complaint be dismissed in its entirety.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

**the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District**

**Judge assigned to the case.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy.  The District Judge need**

**not consider frivolous, conclusive, or general objections.  A party's failure to file**

**and serve such written, specific objections waives de novo review of the**

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53**

**(1985), and also waives appellate review of both factual and legal questions.**

**Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse,**

**91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  July 23, 2012                          s/ Michael J. Watanabe
       Denver, Colorado                       Michael J. Watanabe
                                              United States Magistrate Judge