IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03395-PAB-MJW

SAFDAR LILAK,

     Plaintiff,

v.

GLAXO SMITHKLINE CORPORATE, INC.,

     Defendant.

---

## ORDER

---

     This matter is before the Court on the Recommendation of Magistrate Judge (the "Recommendation") [Docket No. 40] filed on July 23, 2012.  The magistrate judge recommends that the Court grant the motion to dismiss of defendant GlaxoSmithKline Corporate, Inc. [Docket No. 15].  On August 6, 2012, plaintiff filed timely objections [Docket No. 42].  The Court therefore will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).[1]

     The Recommendation found that plaintiff failed to allege enough facts to assert a claim for negligence or negligence per se against defendant.  Docket No. 40 at 5-6.  The Recommendation concluded that plaintiff's complaint provided only conclusory averments that defendant's products violated federal statutes.  *Id.* at 6.  The Recommendation also determined that plaintiff's complaint was insufficient because it

---

[1]In light of plaintiff's pro se status, the Court reviews his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

failed to assert a plausible causal link between these statutory violations and his injuries. *Id.* at 6.

Plaintiff objects to the dismissal of his complaint, but does not provide specific objections to the Recommendation. Instead, plaintiff argues that he was never given an opportunity to amend his complaint and that all of the documents he submitted were unjustly stricken by the magistrate judge. Docket No. 42 at 2-3. Plaintiff states that, because defendant did not answer his complaint, the Court should reinstate his pleadings and allow him to proceed in the case.[2] *Id.* at 3-4.

The Tenth Circuit has held that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). This rule, however, does not apply when (1) a pro se litigant has not been informed of the time period for objecting or when (2) the "interests of justice" require review. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citation omitted).

Neither exception applies here. The Recommendation advised plaintiff of the deadline to respond and the need to file "specific" objections. Docket No. 40 at 7. In addition, plaintiff does not address the deficiencies identified in the Recommendation. *See 2121 East 30th St.*, 73 F.3d at 1060 ("only an objection that is sufficiently specific

---

[2]Plaintiff attempts to call the magistrate judge's impartiality into question, but, rather than citing facts to support the accusation, offers only "the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). The fact that a magistrate judge rules adversely to a litigant does not establish prejudice or bias.

to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies" underlying the firm waiver rule).  As such, his objections are not entitled to an interests of justice exception.

To the extent plaintiff argues that he was not allowed to file various documents and was not given an opportunity to amend his complaint, Docket No. 42 at 2-3, the Court notes that plaintiff cannot raise such issues in an objection to a Recommendation.  *Neff v. Standard Fed. Bank*, 2007 WL 2874794, at *9 (S. D. Ohio Sept. 27, 2007) (rejecting plaintiff's attempt to correct pleading deficiencies in his complaint by adding new factual allegations in a response brief).  Moreover, because defendant must file a motion asserting defenses under Rule 12(b) before an answer is filed, *see* Fed. R. Civ. P. 12(b), defendant was not required to file an answer until the Court resolved the motion to dismiss.  *See* Fed. R. Civ. P. 12(a)(4).

Even if the Court were to construe plaintiff's objections to the Recommendation as a motion to amend his complaint, such motion would be denied.  Although Rule 15(a) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend] when justice so requires," *id*., a court may deny leave to amend a complaint where the amendments would be futile.  *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  *Id*.

Plaintiff's proposed amended complaint [Docket No. 42-1] suffers from the same deficiencies identified by the Recommendation, namely, conclusory allegations that defendant's products caused or exacerbated his injuries.  Docket No. 42-1 at 5-7.

3

Because plaintiff fails to allege a plausible causal link between defendant's products and his injuries, the Court agrees that plaintiff's averments, taken as true, fail to state a claim for relief.  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). Accordingly, accepting plaintiff's proposed amended complaint is futile because it would be subject to dismissal.  *Jefferson Cnty.*, 175 F.3d at 859.

Based on the foregoing, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 40] is **ACCEPTED**.  It is further

**ORDERED** that Defendant GlaxoSmithKline, LLC's Motion to Dismiss [Docket No. 15] is **GRANTED**.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED September 26, 2012.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

4